UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENNAIDY SHUBITIDZE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOXER PROPERTY, )<br>)<br>Defendant. ) | No. 20-cv-6455<br>Judge Marvin E. Aspen |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Defendant Boxer Property moves to dismiss Plaintiff Gennaidy Shubitidze's Amended Complaint under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, we grant Defendant's motion, (Motion (Dkt. No. 8)) and dismiss Plaintiff's Amended Complaint without prejudice.

**BACKGROUND**

The following allegations are taken from Plaintiff's Amended Complaint and assumed as true for the purposes of this motion. Plaintiff "is a male of Russian heritage and ancestry who is . . . still employed by SOS Security as a security guard." (Amended Complaint ("Amend. Compl.") (Dkt. No. 2) ¶ 4.) Defendant is a commercial property management company that contracted with SOS Security for security services. (Amend. Compl. ¶¶ 5, 6.) SOS Security maintains Plaintiff's employment records and contracts Plaintiff out to its clients. (*See id.* ¶¶ 3, 4.)

Since August 2017, Defendant's property manager, Jeff Berkovitz, "verbally harassed, repeatedly humiliated and consistently berated" Plaintiff because Berkovitz disliked his Russian heritage. (*Id.* ¶¶ 7, 8.) Plaintiff cites various ways that Berkovitz's "dislike was displayed":

 a. When the plaintiff tried to speak to him, he would consistently interrupt the plaintiff by asking him why are you wasting my time?

 b. Berkovitz would completely ignore him in front of the building's tenants;

 c. Berkovitz would seek to blame the plaintiff for the building's problems, including his failure to provide safe parking for the tenants;

 d. Berkovitz would not take seriously the plaintiff's efforts to explain to him some of the building's problems, citing that he told the plaintiff's employers at SOS Security the plaintiff's difficulties with speaking English;

 e. Berkovitz sought to try to humiliate the plaintiff and said that he was happy that he did not allow additional Russian security officers to work in the building.

(Amend. Compl. ¶ 9 (sic).) Berkovitz also reduced Plaintiff's working hours "to a great extent" even though the "working hours of other similarly situated non-Russian employees were not suspended under similar circumstances." (*Id.* ¶¶ 10, 11.) Ultimately, Plaintiff was fired even though Plaintiff says, without any explanation, that he should have received a promotion. (*Id.* ¶ 13.)[1]

## STANDARD OF LAW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

---

[1] The Amended Complaint contradictorily alleges that Plaintiff is still employed. (*Id.* ¶ 4.)

A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## ANALYSIS

We address the grounds on which Plaintiff's lawsuit warrants dismissal in turn.

### I. Administrative Remedies

Before suing under Title VII, an employee must exhaust all administrative remedies. 42 U.S.C. § 2000e-5; *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1003-04 (7th Cir. 2019). To satisfy this requirement, a plaintiff must file a charge of discrimination with the EEOC before suing a defendant for that discrimination. *Id.* The EEOC charge gives the employer adequate notice about the claim, and it gives the EEOC and the employer an opportunity to resolve the dispute without involving the court. *Chaidez*, 937 F.3d at 1003-04.

It is undisputed that Plaintiff did not attach notice of that EEOC charge to the complaint. (Response (Dkt. No. 11) ¶ 2 ("the plaintiff's counsel states that he unintentionally omitted from

his originally filed complaint a copy of (1) his Charge of Discrimination that he filed . . . with the EEOC and (2) the EEOC right to sue letter.") Plaintiff accordingly attached those documents as "Group Exhibit A" to the Response brief. (*Id.*) Defendant asks that we dismiss the case for attaching these EEOC documents to the Response rather than the Amended Complaint. Defendant offers no legal citation showing that *attaching* such to the complaint is required. (*See* Reply (Dkt. No. 12) at 2.) Although doing so is a best practice, "[t]his omission is not fatal." *Krause v. Turnberry Country Club*, 571 F. Supp. 2d 851, 859 (N.D. Ill. 2008) (holding that a plaintiff sufficiently alleged exhaustion even though she did not attach the letter to the complaint since she alleged that she filed a charge with the EEOC and that the EEOC issued a right-to-sue letter). "Title VII . . . does not state any requirement that a plaintiff attach the right-to-sue letter to her complaint." *Id.* (internal quotations and citations omitted); *see also Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1138 (7th Cir. 1994) ("The EEOC charge-filing requirement is not intended to erect 'elaborate pleading requirements' or 'let the form of the purported charge prevail over its substance.'").

  Nevertheless, Plaintiff did not allege that the EEOC process happened in his Amended Complaint. This requirement is a mandatory claim-processing rule that district courts must enforce if a party properly raises it. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) (quoting *Eberhart v. United States*, 546 U.S. 12, 19, 126 S. Ct. 403 (2005) (*per curiam*)). Consequently, Plaintiff's Amended Complaint is deficient because it fails to allege that he exhausted administrative remedies.

  II. **Employer or Contractor**

  To plead a Title VII claim, Plaintiff must allege that he was Defendant's employee, not merely an independent contractor. *See, e.g.*, *Knight v. United Farm Bureau Mutual Insurance*

4

*Co.*, 950 F.2d 377, 380 (7th Cir. 1991). Defendant argues that Plaintiff failed to do so. We address Defendant's two arguments in turn.

### a. Inconsistent Allegations

We first address Defendant's argument that the Amended Complaint is so inconsistent and contradictory as to Plaintiff's employment that it fails to comply with minimum pleading standards. Under Rule 8, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That means that the pleading must give fair notice of what the claim is and the grounds upon which it rests. *See, e.g.*, *Twombly*, 550 U.S. 544, 555 (2007).

The Amended Complaint is unclear as to the critical fact of whether Plaintiff was terminated. It first alleges that Plaintiff "is still employed by SOS Security as a security guard, which is still a contractor for the Defendant Boxer Property." (Amend. Compl. ¶ 4.) But that contradicts the Amended Complaint's later allegations that "the defendant discriminated against the plaintiff by . . . **ultimately,** [causing] **his termination**." (Amend. Compl. ¶ 13 (emphasis in original); *contra id.* ¶ 4.) The allegation that Plaintiff is still employed by the sole defendant is also contradicted by the allegation that "Plaintiff should have received a promotion **but was instead fired.**" (*Id.* ¶ 13 (emphasis in original).) The contradictory allegations as to Plaintiff's employment status (still employed or terminated) go to the heart of an employment discrimination case and its potential remedies. As pleaded, it would be impossible to calculate damages – that depend a great deal on whether Plaintiff is still employed – and certainly does not give fair notice to Defendant of the allegations against it. These contradictions render the Amended Complaint defective on its face under Rule 8.

5

### b. Plaintiff's Employer

Defendant also argues that Plaintiff explicitly alleged that Defendant was *not* Plaintiff's employer. "[The plaintiff] must prove the existence of an employment relationship in order to maintain a Title VII action against [the Defendant]. Independent contractors are not protected by Title VII." *Knight*, 950 F.2d at 380; *see also* 42 U.S.C. § 2000e(f); *Jones v. A.W. Holdings LLC*, 484 F. App'x 44, 47 (7th Cir. 2012) (noting the difference between an employer and a contractor for Title VII purposes); *Taylor v. ADS, Inc.*, 327 F.3d 579, 581 (7th Cir. 2003) (in finding no employment relationship, noting that the defendant's payments to the plaintiff "were reported on a Form 1099 as independent *contractor* payments, not on a W-2") (emphasis added). Indeed, the Amended Complaint fails to allege that Defendant is Plaintiff's employer because it specifically alleges that Defendant was merely a contractor: "Plaintiff is employed by SOS Security, Inc., a contractor for the Defendant," (Amend. Compl. ¶ 3.) and "Plaintiff . . . is still employed by SOS Security as a security guard, which is still a contractor for the Defendant Boxer Property." (*Id.* ¶ 4.) Nowhere in the Amended Complaint does Plaintiff allege that Defendant is Plaintiff's employer. (*See generally id.*) We hold Plaintiff to his allegations and find that Plaintiff is Defendant's independent contractor, not employee. (*See id.* ¶¶ 3, 4, 6, 9(d).)

Plaintiff attempts to skirt around his own explicit allegations by suggesting that *both* SOS Security and Defendant are his employers.[2] The Seventh Circuit applies a five-factor test to determine whether a putative employer is an "employer" that can be held liable under Title VII:

---

[2] In support of this theory, Plaintiff attached to his Response brief an email from an EEOC investigator wherein the investigator opined that SOS Security and Defendant can be considered dual employers. We decline to consider this statement at this juncture because it is extraneous material to the Amended Complaint. *See* Fed. R. Civ. P. 12, advisory notes. Even if we did consider it, we are not bound to follow an EEOC investigator's legal opinion. *See Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 154 (7th Cir. 1985).

(1) the extent of the employer's control and supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the employer's responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment. *See Love v. JP Cullen & Sons, Inc.*, 79 F.3d 697, 701-03 (7th Cir. 2015) (citing *Knight*, 950 F.2d at 378-79). These factors overwhelming favor a finding that Defendant is not Plaintiff's employer.

     First, Plaintiff barely alleges that Defendant maintained any control and supervision over him. Rather, the Amended Complaint suggests that Defendant's employee, Berkovitz, had authority limited to relaying information to SOS Security and scheduling Plaintiff. (*See*, *e.g.*, Amend. Compl. ¶ 9(d) ("[Berkovitz] told the plaintiff's employers at SOS Security [about] the plaintiff's difficulties with speaking English."); *id.* ¶ 10.). The Amended Complaint even explicitly states that Plaintiff was managed by SOS Security, not Defendant: "the plaintiff's managers from SOS did not support Berkovitz's requests." (Amend. Compl. ¶ 10.) We also consider the fact that Plaintiff's employment records were maintained by SOS Security in favor of our finding that SOS Security, not Defendant, exercised control over Plaintiff and that Defendant had a minimal amount of control. (*Id.* ¶ 3.)

     The second factor asks us to consider the kind of occupation and nature of skill required, including whether skills were acquired on the job. *Love*, 79 F.3d at 701-03 (citing *Knight*, 950 F.2d at 378-79. The relevant occupation here is a security guard. The Amended Complaint neither alleges that special skills were required nor that any skills were acquired on the job. This factor thus weighs against characterizing Defendant as an employer.

     The third factor is the employer's responsibility for the costs of operation. *Id.* This is not specifically addressed in the Amended Complaint. But the Amended Complaint does suggest

that SOS Security took on the primary responsibility for Plaintiff's operation, not Defendant, through, for example, the allegation that SOS Security maintained his employment records and managed Plaintiff. (Amend. Compl. ¶¶ 3, 4, 10.)

The fourth factor – the method and form of payment and benefits – favors Defendant too because the Amended Complaint suggests that SOS Security paid Plaintiff while Defendant paid SOS Security for its security services. (*Id.* ¶¶ 3, 6.)

The final factor is the length of the job commitment. The Amended Complaint is silent as to how long of an engagement Defendant had with SOS Security and Plaintiff, so this factor yields no weight to either party.

These factors overwhelmingly weigh in favor of a finding that the "economic realities" indicate that Defendant is not Plaintiff's employer. *See Love*, 79 F.3d at 701-03 (citing *Knight*, 950 F.2d at 380). Defendant is merely the company that contracted with Plaintiff's employer for security services.

Because Defendant was not Plaintiff's employer, Defendant's motion is granted.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted for failure to state a claim upon which relief may be granted. (Dkt. No. 8.) The Amended Complaint is dismissed without prejudice.[3] It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: March 12, 2021

---

[3] The only difference between the Amended Complaint and the original Complaint is that the Amended Complaint contains Plaintiff's lawyer's signature. It appears that Plaintiff's lawyer inadvertently omitted his signature from the original Complaint.